UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DARREN G. BERNARD,

          Petitioner,

          v.

CHARLES L. GREEN,

          Respondent.

Civil Action No. 15-6462 (JMV)

**MEMORANDUM OPINION**

APPEARANCES:
Darren G. Bernard, # A034316716 / J2014-05708
Essex County Correctional Facility
354 Doremus Ave.
Newark, NJ 07105
    Petitioner, *pro se*

Caroline A. Sadlowski, Esq.
United States Attorney's Office
970 Broad St.
Suite 700
Newark, NJ 07102
    Counsel for Respondent

VAZQUEZ, District Judge

       On or about August 27, 2015, Petitioner Darren G. Bernard, an immigration detainee currently detained at the Essex County Correctional Facility in Newark, New Jersey, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1).  This case was previously administratively terminated due to Petitioner's failure to satisfy the filing fee requirement.  (ECF No. 2).  On or about, September 23, 2015, Petitioner paid the fee and the matter was reopened for review by a judicial officer.  On October 27, 2015, the Court ordered an Answer from Respondent.  (ECF No. 4).  The Answer was filed on December 14, 2015 (ECF

No. 5), and Petitioner filed his Traverse on December 29, 2015 (ECF No. 6). The matter has been fully briefed and is ripe for disposition. For the reasons set forth below, the Petition will be DENIED.

## I. BACKGROUND

Petitioner, a citizen and native of Trinidad and Tobago, first entered the United States in 1974. In 1995, Petitioner re-entered the United States following a brief trip to Trinidad and Tobago. Upon his re-entry, he was found excludable. Specifically, when Petitioner was referred for secondary inspection, a search of the NCIC database[1] reported an existing criminal record, and he was deemed excludable under sections 212(a)(2)(a)(i)(II) and 212 (a)(2)(c) of the Immigration and Naturalization Act ("INA"). *See* (Parole Memorandum, Resp't's Ex. 2, ECF No. 5-2). Petitioner was paroled for 90 days pending exclusion proceedings. *Id.* However, Respondent explains that Petitioner's hearing before an Immigration Judge was never calendared; thus, he remained in the United States for approximately 18 years while his immigration status remained unresolved. Respondent states that a Notice to Appear was issued on April 18, 2013. *See* (Notice to Appear, Resp't's Ex. 4, ECF No. 5-4). Petitioner was taken into custody on April 1, 2014. *See* (Record of Deportable/Inadmissible Alien, Resp't's Ex. 3, ECF No. 5-3). On June 4, 2014, an Immigration Judge denied a request for bond due to lack of jurisdiction because Petitioner was an arriving alien, *see* (Order of the Immigration Judge, Resp't's Ex. 5, ECF No. 5-5), and Petitioner was ordered removed to Trinidad and Tobago on September 28, 2015, *see* (Removal Order, Resp't's Ex. 6, ECF No. 5-6). Petitioner has

---

[1] The Court construes the reference to the "NCIC database" as a reference to the database maintained by the National Crime Information Center.

appealed his removal to the Board of Immigration Appeals. *See* (Notice of Appeal, Resp't's Ex. 7, ECF No. 5-7). As of the date of this Opinion, the appeal remains pending.

In his Petition, Petitioner asserts that he has been detained since April 1, 2014 while he litigates his removal proceedings. Petitioner complains that he has never been afforded a bond or any other hearing for release under supervision and he asserts that his prolonged detention constitutes a constitutional violation.[2] He seeks relief in the form of immediate release or a bond hearing.

Respondent explains that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Respondent further contends that Petitioner has failed to exhaust his administrative remedies because he has never applied for, or requested, parole; thus, Respondent asserts that the Petition must be denied.

In his Traverse, Petitioner challenges his status as an inadmissible alien. He further asserts that he has not failed to exhaust his administrative remedies because "the burden of proving that [he] was paroled into the United States is on the Government." (Traverse 9, ECF No. 6). Petitioner concludes that "[t]he Government has failed to show that the Petitioner is not subject to an inadmissibility review in the context of a federal court habeas corpus challenge to his unlawful detention." *Id.* Finally, he alleges ineffective assistance of Immigration Counsel. *Id.* at 10.

---

[2] To the extent Petitioner claims that he is being unlawfully detained under 8 U.S.C. § 1226(c), *see* (Pet. 6, ECF No. 1), the Court need not address this argument because, as explained below, Petitioner is being detained pursuant to § 1225(b)(2)(A), not § 1226(c). *See, e.g., Basra v. Napolitano*, No. 09-4264, 2010 WL 1027410, at *3 (D.N.J. Mar. 17, 2010).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a petitioner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See Denny v. Schult*, 708 F.3d 140, 148 n.3 (3d Cir. 2013); *see also* 28 U.S.C. §§ 2243, 2255.

## III. DISCUSSION

### A. Jurisdiction

This Court has jurisdiction over the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Id.* ("Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."); *see also Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L.Ed.2d 653 (2001).

B. 8 U.S.C. § 1225

According to Section 1225, when an immigration officer encounters an alien who is an "applicant for admission," the officer must determine whether the alien is "clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). An "applicant for admission" includes aliens present in the United States who have not been admitted. *Id.* at § 1225(a)(1). "[I]f the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." *Id.* at § 1225(b)(2)(A).

C. Exhaustion

Where a petitioner fails to exhaust available administrative remedies, habeas corpus relief is not available in federal court. *See Yi v. Maugans*, 24 F.3d 500, 503 (3d Cir. 1994) (citing 8 U.S.C. § 1105a(c)) ("[C]ourts are empowered to review orders of exclusion only for those individuals who have exhausted their administrative remedies."); *see also Laszciowski v. Middlesec Cty. Det. Ctr.*, No. 04-3616, 2005 WL 1177946, at *3 (D.N.J. May 18, 2005) (citing *Duvall v. Elwood,* 336 F.3d 228 (3d Cir. 2003)) (other citations omitted) ("Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, the Court of Appeals for the Third Circuit has typically required § 2241 petitioners to exhaust their administrative remedies before applying to a federal court for relief."); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) ("Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241.").

D. Analysis

Upon his re-entry to the United States in 1995, Petitioner was classified as an arriving alien. As an arriving alien, he could be released from detention only by a grant of parole at the

Attorney General's discretion. *See* 8 U.S.C. § 1182(d)(5) (holding that "[t]he Attorney General may, . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States . . . ."); *see also Codina v. Chertoff*, No 06-105, 2006 WL 2177673, at *2 (D.N.J. July 31, 2006). The record in this case indicates that Petitioner was previously "paroled" into the United States in 1995 for 90 days pending his exclusion proceedings. *See* (Parole Memorandum, Resp't's Ex. 2, ECF No. 5-2). However, this parole was not considered admission of Petitioner into the United States. *See* 8 U.S.C. § 1182(d)(5) ("[S]uch parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.").

Because he was never admitted into the United States, Petitioner was eventually taken into custody and remains detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Accordingly, due to his continued status as an alien seeking admission, he may only be released from detention by a grant of parole at the Attorney General's discretion. *See* 8 U.S.C. § 1182(d)(5); *Codina*, 2006 WL 2177673, at *2. Respondent contends that Petitioner has not requested parole and, thus, has not exhausted his administrative remedies.

Petitioner does not allege that he has requested parole since he entered custody on April 1, 2014. Instead, Petitioner asserts that "the burden of proving that the Petitioner was paroled into the United States is on the Government." (Pet. 9, ECF No. 6). However, the burden of proof during the removal proceedings has no bearing on Petitioner's obligation to exhaust his

administrative remedies.[3] Because Petitioner has not sought parole, which is an available administrative remedy for an alien in his position, he has failed to exhaust his administrative remedies. *See, e.g., Okonkwo v. I.N.S.*, 69 F. App'x 57 (3d Cir. 2003) (holding that an arriving alien detained by Immigration and Naturalization Service (INS) during his removal proceedings was not entitled to habeas corpus relief from detention when he failed to exhaust administrative remedies in seeking parole); *Bautista v. Sabol*, No. 3:11CV1611, 2011 WL 5040894, at *4 (M.D. Pa. Oct. 24, 2011) (holding that petitioner detained pursuant to 8 U.S.C. § 1225(b)(2)(A) who had not sought parole did not exhaust his administrative remedies). Accordingly, the Petition will be denied.[4]

---

[3] Further, this Court notes that Petitioner misstates the law as to the burden of proof. Section 1229a, which governs Petitioner's removal proceedings, states that "if the alien is an applicant for admission, [the alien has the burden of establishing] that the alien is clearly and beyond doubt entitled to be admitted and is not inadmissible . . . ." 8 U.S.C. § 1229a(c)(2)(A).

[4] In his initial Petition, Petitioner asserts only a due process violation due to his prolonged detention. Therefore, the scope of Respondent's Answer and of this Court's ruling is limited to that issue. However, in his Traverse, Petitioner challenges the removal proceedings; specifically, his status as an arriving alien. This Court notes that, the REAL ID Act of 2005, Pub. L. No. 109–13, Div. B, 119 Stat. 231 (2005) ("REAL ID Act"), divested district courts of subject-matter jurisdiction, whether through habeas corpus or otherwise, to review removal orders. *See* 8 U.S.C. § 1252(a)(5). Instead, the REAL ID Act provides that the "sole and exclusive means for judicial review" of an order of removal and matters dependent thereon, shall be a petition for review filed with the appropriate court of appeals. *Id.; see also Lopez v. Attorney Gen. of U.S.*, 196 F. App'x 56, 58 (3d Cir. 2006). Therefore, even if Petitioner had challenged his removal proceedings in his initial Petition, this Court would be without jurisdiction to consider Petitioner's arguments. Furthermore, because this issue was not raised in the initial Petition, this Court will not consider transferring it to the appropriate court of appeals.

## IV.    CONCLUSION

For the foregoing reasons, the instant petition for a writ of habeas corpus is DENIED.

An appropriate Order follows.

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge

Date:  05/18/16